UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK W. LARKINS,

        Plaintiff,                      Case Number: 08-11075

v.                                           JUDGE PAUL D. BORMAN
                                              UNITED STATES DISTRICT COURT

WARREN POLICE OFFICER RYAN
PYLACK and WARREN POLICE OFFICER
JOSEPH BALLINGER,

        Defendants.
_____ /

**ORDER DENYING, IN PART, AND GRANTING, IN PART, DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

      Before the Court is Defendants Warren Police Officers Ryan Pylak and Joseph Ballinger's Motion for Summary Judgment, filed November 28, 2008. (Doc. No. 15). Plaintiff Patrick W. Larkins responded on January 7, 2009. (Doc. No. 18). This Court heard heard Defendants' motion on February 12, 2009. For the reasons discussed below, the Court **DENIES** in part and **GRANTS** in part Defendants' motion for summary judgment.

      This civil action arises from Plaintiff's August 26, 2007, arrest by the Warren Police Department. During booking, Plaintiff was involved in an altercation with Defendant Warren Police Officer Ryan Pylak. Plaintiff alleges assault and battery, false imprisonment, false arrest, malicious prosecution, and violations of his constitutional rights.

      On August 26, 2007, Plaintiff was arrested by Warren police officers for indecent exposure. (Pl.'s Resp. Ex. G, Police Report). Plaintiff was found lying on the ground, with his jeans unzipped

1

and his privates exposed. (Id.) Plaintiff had urinated in his pants and was unaware of his exposed condition. (Id.) Plaintiff appeared intoxicated. (Id.) When asked how much he had to drink, Plaintiff responded, "I had about 3 beers." (Id.) One of the police officers on the scene administered a breathalyzer test, which revealed that Plaintiff's blood alcohol level was .224%. (Id.) Plaintiff was arrested for indecent exposure and transported to the police station. (Id.)

At the police station, Plaintiff was placed in the bullpen. (Pl.'s Resp. Ex. B, Larkins Dep. 34). After a few hours, Plaintiff and another inmate James Dossett were called for fingerprint and photograph booking. (Id. at 36-37). Plaintiff and Dossett conversed in the prisoner processing area until the detention officer, Defendant Pylak, told them to "shut up." (Id. at 39). Officer Pylak then took Plaintiff over to the fingerprinting machine; Plaintiff tried to talk to the officer and "explain himself." (Id. at 30-40).

At this point, Plaintiff and Officer Pylak's accounts of the events diverge. Plaintiff claims that he was answering Officer Pylak's questions when Pylak "exploded" and started to beat Plaintiff up. (Id. at 41).

According to Officer Pylak, he had told Dossett several times to be quiet and, at some point, Plaintiff told him to leave Dossett alone. (Pl.'s Resp. Ex. C, Pylak Dep. 13). Officer Pylak told Plaintiff to "keep his mouth shut as well," and Plaintiff started to argue with the officer. (Id.) Officer Pylak again told Plaintiff to "keep his mouth shut," and Plaintiff responded that "he was going to kick [Officer Pylak's] ass." (Id.) Plaintiff then "tensed his hand up and kind of made it into a fist which [Officer Pylak] took as a threat." (Id.) Officer Pylak then took Plaintiff down to the ground to restrain him. Having heard Officer Pylak yell at Plaintiff "to relax," Officer Ballinger rushed into the room with a Taser. (Def.'s Br. Ex. 6, Ballinger Dep. 15). Officer Ballinger told

2

Plaintiff that he needed to stop resisting or he would be Tasered; Plaintiff complied.  (Pylak Dep. 13).  Officer Pylak dislocated a finger in the scuffle.  (Id. at 20).

Plaintiff denies clenching his right hand into a fist, and testified that he did not struggle with the officer at anytime.  (Larkins Dep. at 41).

Plaintiff suffered a broken rib, a broken tooth, and continues to have numbness and lost strength in his left arm.  (Id. at 46).  Plaintiff testified that a doctor at the Macomb County Jail confirmed with an x-ray that he had a broken rib.  (Id. at 56).

Plaintiff submitted to the Court a video of the incident that he obtained from the Warren Police Department.  The video does not have audio, and the camera angle does not capture all the events that occurred.  However, the video shows that Plaintiff was talking to Dossett during the booking process.  It further shows that as Plaintiff was being fingerprinted, he and Officer Pylak exchanged words; but the exchange does not look heated.  Plaintiff and Officer Pylak are standing side by side, and their backs are to the video camera.  All of sudden, Officer Pylak takes Plaintiff down to the ground and restrains him, while Officer Ballinger rushes in with the Taser.  The video does not reveal whether Plaintiff verbally threatened Officer Pylak.  Plaintiff's body language just does not appear threatening or intimidating.

After the incident, Officers Pylak and Ballinger placed Plaintiff in a restraint chair, where he remained for eight hours.  (Pylak Dep. 44; Larkins Dep. 47).  While Plaintiff was in the restraint chair, he "begged" to use the restroom but no one released him to do so.  (Larkins Dep. 47).  Officer Ballinger heard Plaintiff's request to use the bathroom but decided that Plaintiff did not have to go, "since he already urinated in his pants" before he was arrested.  (Ballinger Dep. 28).

Plaintiff was later charged with resisting and assaulting an officer.  (Pl.'s Resp. Ex. H,

3

Tanielian Aff. 3). After Plaintiff's attorney obtained the video tape of the incident from the Warren Police Department and showed it to the prosecutor, the prosecutor dismissed the resisting and assaulting an officer charge against Plaintiff. (Id. at 4-7). Plaintiff pled guilty to disorderly conduct, and was sentenced to time served, 63 days. (Id. at 7, 10).

On January 28, 2008, Plaintiff filed the instant suit in Macomb County Circuit Court. (Pl.'s Resp. Ex. A, Complaint). Plaintiff alleged the following causes of action:

Count I: Assault and Battery
Count II: False Imprisonment
Count III: False Arrest
Count IV: Malicious Prosecution
Count V: Section 1983 Against Individuals.

On March 28, 2008, Defendants removed the complaint to this Court. (Doc. No. 1). In the instant motion Defendants seek summary judgment on all counts.

## II. ANALYSIS

### A.     Assault and Battery

An assault is "any intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact," and a battery is "the wilful and harmful or offensive touching of another person which results from an act intended to cause such contact." *Smith v. Stolberg*, 231 Mich. App. 256, 260 (1998), quoting *Espinoza v. Thomas*, 189 Mich. App. 110, 119 (1991). The Michigan Governmental Immunity statute does not shield government employees from liability for intentional torts. M.C.L. § 691.1407(3). However, in order for Plaintiff to recover, he must show that Defendants' actions were not objectively reasonable under the circumstances. *VanVorous v.*

4

*Burmeister*, 262 Mich. App. 467, 483 (2004).

Defendants first argue that Officer Pylak is entitled to summary judgment because there is no factual dispute that Officer Pylak was justified in taking action to restrain Plaintiff. (Def.'s Br. 12-13).

Plaintiff alleges that Officer Pylak threw him to the ground and beat him, without provocation. (Compl. ¶ 5). Officer Pylak claims that his actions were justified because Plaintiff threatened him. (Pylak Dep. 13). The video provided by Plaintiff does not wholly support either version of events. And, Officer Pylak and Plaintiff's deposition testimonies directly contradict one another. Plaintiff proffered testimony that he did not provoke Officer Pylak's use of force (Larkins Dep. 41); while Officer Pylak testified that Plaintiff threatened him (Pylak Dep. 13). Viewing the facts in the light most favorable to Plaintiff, at minimum, there is a factual question as to whether Officer Pylak unlawfully threatened Plaintiff with force and carried out a willful and harmful touching of Plaintiff.

Defendants also argue that Plaintiff did not prove that he suffered an injury resulting from his altercation with Officers Pylak and Ballinger. (Def.'s Br. 13). Plaintiff testified that he suffered a broken rib, a broken tooth and continues to have numbness and lost strength in his left arm. (Larkins Dep 46). Plaintiff's testimony is proof that he suffered injuries.

Moreover, proof of an injury is not an element of an assault or battery claim. In their argument to the contrary, Defendants misstate the holding of *Oliver v. Smith*, 269 Mich. App. 560 (2006), which Defendants cite for the proposition that physical injury is a necessary requirement for liability against a police officer. In *Oliver*, the Michigan Court of Appeals held that handcuffing an individual too tightly does not constitute gross negligence unless physical injury results. 269

Mich. App. at 566. *Oliver* is wholly inapplicable to the case at bar. Plaintiff does not allege gross negligence, nor does he base his assault and battery claim on an allegation of overly restrictive handcuffs. *Oliver* does not require proof of an injury to prevail on an assault and battery claim. But even if it does, at this stage of the proceedings, Plaintiff has presented evidence in support of his claim of injury. Accordingly, Officer Pylak is not entitled to summary judgment on Plaintiff's assault and battery claim.

With respect to Officer Ballinger, Plaintiff alleges that he "joined in the beating of Plaintiff by using physical force and a TASER." (Compl.¶ 6). From the video, it is clear that Officer Ballinger did not beat Plaintiff. Officer Ballinger did threaten Plaintiff with a Taser. However, Officer Ballinger's threat was justified, given the altercation he observed between Plaintiff and Officer Pylak. Officer Ballinger's conduct was not, therefore, an "intentional unlawful offer of corporal injury to another person by force." *See Smith*, 231 Mich. App. at 260. Officer Ballinger's actions were objectively reasonable in the situation, and he is entitled to summary judgment on Plaintiff's assault and battery claim.

In his response brief, Plaintiff asserts that Defendants committed battery when they forced him into the restraint chair. Plaintiff's complaint is devoid of any allegation related to the restraint chair. Defendants, therefore, were not on notice of an assault and battery claim related to the restraint chair, and this Court will not consider Plaintiff's allegations related to the restraint chair, which he only raised in his response to Defendants' motion for summary judgment.

### B. False Imprisonment and False Arrest

To prevail on a false arrest claim, the plaintiff must show that the defendant participated in an illegal and unjustified arrest, and that the defendant lacked probable cause to do so. *Walsh v.*

*Taylor*, 263 Mich. App. 618, 626 (2004). "The elements of false imprisonment are (1) an act committed with the intention of confining another, (2) the act directly or indirectly results in such confinement, and (3) the person confined is conscious of his confinement." *Id*. at 627 (citation and internal quotation marks omitted). False imprisonment also requires that the restraint occurred without probable cause to support it. *Id*. at 627. "If the arrest was legal, there has not been a false arrest or a false imprisonment." *Peterson Novelties, Inc v. City of Berkeley*, 259 Mich. App 1, 18 (2003).

Defendants argue that Plaintiff's false imprisonment and false arrest claims must be dismissed because he did not identify the legal basis for the claims. (Def.'s Br. 4). Defendants further argue that they are not liable because they did not effectuate the arrest of Plaintiff for the resisting and obstructing charge and, in any event, there was probable cause for such an arrest. (Def.'s Br. 15-16). Plaintiff contends that he can maintain his false imprisonment and false arrest claims because no probable cause existed to arrest him for resisting and obstructing a police officer. (Pl.'s Resp. 9).

The Court concludes that Defendants are entitled to summary judgment on Plaintiff's false arrest and false imprisonment claims. The record is devoid of any proof that Defendants arrested Plaintiff on the resisting and obstructing charge. Moreover, such an arrest would have been redundant because Plaintiff was already in custody, and "under arrest." Plaintiff does not dispute that he was properly detained for indecent exposure, and it is undisputed that Plaintiff later pled guilty to disorderly conduct. Plaintiff's false arrest and false imprisonment claims must, therefore, be dismissed because Plaintiff was not arrested for the resisting and obstructing charge, and does not dispute the legality of his arrest for indecent exposure.

### C. Malicious Prosecution

In order to prevail on a malicious prosecution claim, the plaintiff must prove that: "(1) the defendant has initiated a criminal prosecution against him, (2) the criminal proceedings terminated in his favor, (3) the private person who instituted or maintained the prosecution lacked probable cause for his actions, and (4) the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice." *Walsh*, 263 Mich. App. at 632-633.

Defendants argue that this Court should dismiss Plaintiff's malicious prosecution claim because the resisting and obstructing charge was dismissed in exchange for his guilty plea on the indecent exposure charge. (Def.'s Br. 17). Plaintiff contends that he has shown that there was no reasonable basis to charge him with resisting and obstructing, which is evidenced by the prosecutor's decision to dismiss the charge after viewing the video. (Pl.'s Resp. 10).

Officer Pylak initiated a criminal prosecution against Plaintiff by filing a police report detailing the incident, and the resisting and obstructing charge was later dismissed by the prosecutor. (Pl.'s Resp. Ex. G, Police Report; Tanielian Aff. ¶ 7). Contrary to Defendants' argument, Plaintiff has presented evidence, in the form of an affidavit from his defense attorney who handled the indecent exposure and resisting and obstructing charges, that the resisting and obstructing charge was dismissed by the prosecutor, and the dismissal was not the result of a plea deal. (Tanielian Aff. ¶¶ 6-7). Plaintiff has, therefore, satisfied his evidentiary burden for the first two elements of his malicious prosecution claim.

Plaintiff has also proffered evidence, namely his own testimony and to some extent the video, that Officer Pylak's actions were unjustified and, therefore, would not constitute probable cause. "'[T]he only situation in which an action for malicious prosecution would properly lie is where a

police officer knowingly swears to false facts in a complaint, without which there is no probable cause.'" *King v. Arbic*, 159 Mich. App. 452, 466 (1987), quoting *Belt v. Ritter*, 18 Mich. App. 495, 503 (1969). If Plaintiff did not threaten Officer Pylak, which is Plaintiff's contention, Officer Pylak's account of the events to the police officer who wrote the police report necessarily contained false statements, without which probable cause for the resisting and obstructing charge would not have existed. Under Michigan law, malice may be inferred from a lack of probable cause. *Strutz v. Oakland County*, 308 F. Supp. 2d 767, 787 (E.D. Mich. 2004). Thus, viewing the facts in the light most favorable to the non-moving party, Plaintiff, there is a factual question as to whether probable cause existed to support the resisting and obstructing charge. Accordingly, Plaintiff's malicious prosecution claim survives summary judgment.

With respect to Officer Ballinger, there is no evidence that he contributed to the police report, or otherwise made false statements that led to a criminal complaint against Plaintiff. This Court will, therefore, dismiss the malicious prosecution claim against Officer Ballinger.

### D.   § 1983 Claim

Defendants first argue that Plaintiff's § 1983 claim should be dismissed, pursuant to Fed. R. Civ. P. 12(c), because Plaintiff did not state a basis for his claim in the complaint. (Def.'s Br. 18).

Federal Rules of Civil Procedure Rule 12(c) provides: "After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings is reviewed under the same standards as a Rule 12(b)(6) motion to dismiss. *See Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008). Typically review is restricted to the pleadings, but matters of public record, orders, items appearing in the record of the case, and exhibits attached to the pleadings may be taken into account without

9

converting a Rule 12(c) motion into a motion for summary judgment. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008). In order to survive a 12(c) motion, Plaintiff must allege facts to state a claim to relief that is plausible, not merely conceivable, on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ----, 127 S.Ct. 1955, 1974 (2007).

Count V of Plaintiff's complaint contains his § 1983 claim. Count V reads:

Plaintiff incorporates each of the Common Allegations as though fully stated herein.

19. That 42 USC Section 1983 provides for civil liability for deprivation of any right, privileges and immunities carried by the constitution and laws of the United States and the State of Michigan.

20. That at all times material herein, Defendants were acting under color of law.

21. That at all times material herein, said Defendants subjected Plaintiff to depravation of his rights, privileges and immunity secured by the Constitution of the United States and, more specifically, Amendment 4 of the laws of the United States and the State of Michigan.

22. The above referenced to customs and practices implemented by Defendants proximately caused the injuries and losses to Plaintiff as alleged herein thereby depriving Plaintiff of his rights, privileges and immunities secured by the United States Constitution and Amendment 4.

(Compl. ¶¶ 19-22).

Plaintiff did not directly respond to Defendants' argument. Instead, he detailed his constitutional claims against Defendants in his brief. (Pl.'s Resp. 10-16). Plaintiff alleges false arrest and excessive force, in violation of the Fourth Amendment, and inhumane use of the restraint chair, in violation of the Eighth Amendment. (Pl.'s Resp. 14).

Viewing Plaintiff's complaint as a whole, this Court finds that Plaintiff stated an excessive force claim. In his assault and battery claim, Plaintiff alleges that Officers Pylak and Ballinger beat him. (Compl. ¶¶ 5-6). This is sufficient to put Defendant on notice of an excessive force claim, when the facts of the assault and battery alleged are read with the reference to the Fourth

Amendment in Plaintiff's § 1983 claim.

Plaintiff did not, however, state any other claims for constitutional violations. Plaintiff cannot use his response brief to Defendants' motion to summary judgment to state an additional constitutional claims, and allege facts to support an Eighth Amendment inhumane treatment claim when Plaintiff's complaint is devoid of allegations related to the restraint chair. Plaintiff did not mention the Defendants' use of the restraint chair in his complaint, nor did he specifically reference the Eighth Amendment in his § 1983 claim. This Court, therefore, will not construe Plaintiff's complaint as containing an Eighth Amendment claim.

## III. CONCLUSION

For the reasons discussed above, this Court:

(1) DENIES Defendants' motion for summary judgment on Plaintiff's assault and battery claim as to Officer Pylak, and GRANTS Defendants' motion for summary judgment on Plaintiff's assault and battery claim as to Officer Ballinger;

(2) GRANTS Defendants' motion for summary judgment on Plaintiff's false imprisonment and false arrest claims;

(3) DENIES Defendants' motion for summary judgment on Plaintiff's malicious prosecution claim as to Officer Pylak, and GRANTS Defendants' motion for summary judgment on Plaintiff's malicious prosecution claim as to Officer Ballinger;

(4) DENIES Defendants' motion to dismiss Plaintiff's § 1983 claim, with respect to

the Fourth Amendment claim Plaintiff stated in his complaint.

SO ORDERED.

                                              s/Paul D. Borman  
                                              PAUL D. BORMAN  
                                              UNITED STATES DISTRICT JUDGE

Dated: March 10, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 10, 2009.

                                              s/Denise Goodine  
                                              Case Manager